IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL T. KEISER, | : | No. 1:15-CV-00450-YK |
| Plaintiff | : | The Hon. Martin C. Carlson |
| | : | |
| vs | : | Civil Action – Law |
| | : | (Electronically filed) |
| THE BOROUGH OF CARLISLE, | : | |
| Defendant | : | Jury Trial Demanded |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE DOCUMENTS RELATING TO OR REFERENCING DISCIPLINE IMPOSED UPON PLAINTIFF AND ANY GRIEVANCE RELATED THERETO, AND ALL RELATED TESTIMONY

NOW COMES Plaintiff, Michael T. Keiser ("Keiser"), by and through his counsel, Solomon Z. Krevsky and Clark & Krevsky, LLC and submits this Brief in Support of Plaintiff's Motion *in limine* To Exclude Documents Relating to or Referencing Discipline Imposed upon Plaintiff and Any Grievance Related Thereto, And All Related Testimony, as follows:

## I.     STATEMENT OF FACTS

The body of facts is well known to this Court.  Plaintiff incorporates his counter statement of facts from his Brief In Opposition To Defendant's Motion For Summary Judgment (Doc. 41).

## II.   PROCEDURAL HISTORY

Plaintiff filed his Complaint in this matter on March 4, 2015 (Doc. 1).

Discovery in this matter was completed on September 26, 2016 (Doc. 28).

Defendant's Motion for Summary Judgment was Denied by this Honorable Court

on February 24, 2017 (Doc. 43).  At this time, this matter is ripe for pre-trial

motions and trial.

## III.   QUESTIONS PRESENTED

**Should The Court Exclude All Documents Relating to or Referencing
Discipline Imposed Upon Plaintiff And Any Grievance Related Thereto,
And All Related Testimony?**

(Suggested answer in the affirmative.)

## IV.   ARGUMENT

At the time of his termination, Plaintiff had been employed by Defendant for

27 years.  During his tenure, Plaintiff was a highly-regarded and well-respected

employee.  As a reflection of his long-standing exemplary performance, Borough

Council appointed Plaintiff to the position of Interim Borough Manager, a position

he held from June 14, 2007 to February 2, 2008. (Doc. 38-2, N.T. 13).

On January 25, 2012, then Borough Manager, Stephen Hietsch, authored a

Memorandum regarding Disciplinary Action against Plaintiff for alleged "conduct

which falls short of standards of honesty and team building expected from a

director".  In this Memorandum, Hietsch details six (6) concerns that he allegedly

observed during his tenure as Borough Manager.  Immediately following his

receipt of said disciplinary action, Plaintiff filed a formal grievance.  Following a

meeting of the Borough Grievance Resolution Committee, three of the six

concerns at issue were dismissed.  Of the three remaining bases for disciplinary

action, none are related in any way to the proffered reasons for termination of

Plaintiff's employment.

Hietsch's beliefs about Plaintiff's abilities or inabilities as Public Works

Director has no relevance to Candland's decision to terminate Plaintiff's

employment, whether Candland discriminated against Plaintiff based on his age, or

whether Candland retaliated against Plaintiff as a result of Plaintiff's internal

complaint of age discrimination.  Significantly, Candland confirmed that he never

consulted with Hietsch about Plaintiff. (Doc. 38-4, N.T. 79-80).  Candland did not

review Plaintiff's personnel file.  Candland explained:

> I wanted to start fresh with Mike.  When I first was hired with the
> Borough I didn't know all of the history, but, you know, I heard quite a
> bit.  I heard from elected officials, I heard from staff members, you
> know, roughly what had gone on before, but I made the decision -- and
> there were a couple times where I had thought I was going to go back
> and review the file, but I didn't.

(Doc. 38-4, N.T. 73).

Plaintiff asks the Court to exclude such evidence based upon the balancing

test under F.R.E. 403, which provides that relevant evidence may be excluded if its

probative value is substantially outweighed by the danger of unfair prejudice,

confusion of the issues, misleading the jury, or waste of time.  A Rule 403 analysis

requires the court to balance the evidence against the risks it may pose at trial. *Abrams v. Lightolier, Inc.,* 50 F.3d 1204, 1213 (quoting *Bhaya v. Westinghouse Elec. Corp.,* 922 F.2d 184, 187 (3d Cir. 1990)).  Any probative value of Plaintiff's prior discipline and grievance to the issues in this case would be minimal, at best. Plaintiff's prior discipline and grievance *bear absolutely no relationship* to the conduct alleged by Defendant to be the basis for Plaintiff's discharge.

With respect to relevancy of evidence of prior discipline, the situation would be entirely different if Defendant terminated Plaintiff's employment in accord with its progressive discipline policy.  It did not.  Defendant failed to adhere to its policy of progressive discipline.  (Doc. 38-6, N.T. 115; Doc. 38-2, N.T. 179-180). Indeed, Plaintiff was issued *no discipline whatsoever* during the entire time he reported to Candland, nor was he issued any discipline remotely related to the three purported reasons given by Candland on May 1, 2014, in Defendant's termination letter.  (Id.)

It is anticipated that Defendant may argue that prior disciplinary actions against Plaintiff are indicative of Plaintiff's character as a poor performer. In *Zenian v. District of Columbia,* 283 F.Supp.2d 36 (D.D.C.2003), the District intended to introduce documentary evidence pertaining to plaintiff's prior performance problems. The Court precluded such use, stating:

> If the District is offering the evidence to show that plaintiff has always been a bad employee, it is doing exactly what it cannot do: introduce evidence of a person's character to prove that his behavior on one or

more occasions was consistent with that character. Fed.R.Evid. 404(a). The only purpose of proving that plaintiff was a bad employee before 1995 is to prove that he was an equally bad employee after 1995. That, of course, is exactly what a litigant cannot do.

*Id.* at 40. *See also Rauh v. Coyne,* 744 F.Supp. 1181 (D.D.C.1990) (holding inadmissible evidence concerning plaintiff's job performance before and after her employment at defendants' establishment).

Nor is this evidence sufficient to establish Plaintiff's habit under F.R.E. 406. In *Zubulake v. UBS Warburg LLC*, 382 F. Supp. 2d 536, 543 (S.D.N.Y. 2005), the Court held that: "insubordination at two securities firms is not of sufficient frequency to show the type of semi-automatic conduct envisioned in Rule 406." Similarly, performance concerns of two separate Borough Managers is not sufficient to show habit.  The *Zubulake* Court further reasoned that the evidence would create a "trial within a trial," and that the slight probative value of the evidence against the confusion it would cause made it inadmissible under F.R.E. 403. *Id.* at 543.

The evidence at issue must be excluded as character evidence and/or as habit.  Moreover, it is clear that the probative value, if any, of any prior discipline and grievance thereof is substantially outweighed by the danger of unfair prejudice to the Plaintiff as well as a danger that the jury will be confused or misled by this evidence.

## V.  CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this

Honorable Court enter an Order, substantially in the form accompanying Plaintiff's

Motion, excluding from the trial of this matter the introduction of any evidence and

documents relating to or referencing discipline imposed upon plaintiff and any

grievance related thereto, and all related testimony.


Date:  July 17, 2017

By:    /s/ Solomon Z. Krevsky
        Solomon Z. Krevsky, Esquire
        Supreme Ct. I.D. #72719
        Clark & Krevsky, LLC
        20 Erford Road, Suite 300A
        Lemoyne, PA 17043
        (717) 731-8600
        (717) 731-4764 fax
        e-mail: szk@clark-krevskylaw.com

## <u>CERTIFICATE OF SERVICE</u>

AND NOW, TO WIT, this 17th of July, 2017, I, Solomon Z. Krevsky,

Esquire, hereby certify that I have this date electronically filed the foregoing Brief

in Support of Plaintiff's Motion *in limine* To Exclude Documents Relating to or

Referencing Discipline Imposed upon Plaintiff and Any Grievance Related

Thereto, And All Related Testimony with the Clerk of Court using the CM/ECF

system, which will send notification of such filing to the following:

Brian P. Gabriel, Esquire
CAMPBELL DURRANT BEATTY PALOMBO & MILLER P.C.
535 Smithfield Street, Suite 700
Pittsburg, PA 15222
bgbriel@cdblaw.com
*Counsel for Defendant*

By:   /s/ Solomon Z. Krevsky
      Solomon Z. Krevsky, Esquire