# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL T. KEISER,** | : | Civil No. 1:15-CV-450 |
| **Plaintiff** | : | (Magistrate Judge Carlson) |
| v. | : | |
| **THE BOROUGH OF CARLISLE,** | : | |
| **Defendant** | : | |

## MEMORANDUM OPINION AND ORDER

### I. Factual and Procedural Background

This is a workplace age discrimination lawsuit brought by the plaintiff against a local municipality under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 ("ADEA"). The plaintiff in this action, Michael Keiser, worked for 27 years as the Director of Public Works for the Borough of Carlisle before he was fired on May 1, 2014, just hours after formally complaining to his supervisor about what he perceived as his supervisor's repeated ageist and discriminatory comments and criticism. Keiser alleges that his firing constituted unlawful age discrimination and was retaliatory.

The Borough, and Keiser's supervisor, Mathew H. Candland, Sr., maintain that Candland was compelled to terminate Keiser's employment because it had become impossible to work cooperatively with Keiser; because of fundamental

disagreements over significant public-works projects; and because morale had reached an unacceptable low within Keiser's department. Keiser retorts that these given reasons are pretextual cover for his unlawful firing, which is belied by evidence of Candland's discriminatory comments and other evidence in the record that cast doubt on Candland's articulated justification.

With respect to these competing claims and defenses, we have previously concluded that this case is riddled with factual disputes that make summary judgment inappropriate. Accordingly, we have scheduled this case for trial in October, 2017 and in anticipation of that trial the parties have filed an array of motions *in limine*, including a motion *in limine* filed by the plaintiff which seeks to exclude evidence of Candland's clergy status from the trial of this case. (Doc. 59.) The parties have fully briefed this motion *in limine*, (Docs. 60 and 87), and this motion is, therefore, ripe for resolution.

For the reasons set forth below, this motion *in limine* will be granted, in part, as described below.

II. **Discussion**

The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub*

*nom.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) (the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence. *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988). Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted).

However, courts should be careful before indulging in pre-trial rulings excluding evidence. Parties frequently invite courts to make pre-trial rulings on issues of prejudice, relevance and admissibility through motions *in limine*. The United States Court of Appeals for the Third Circuit has cautioned us, however, that "pretrial [rulings regarding evidentiary] exclusions should rarely be granted. . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." *In re Paoli R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990); *see also Spain v. Gallegos*, 26 F.3d 439, 453 (3d Cir. 1994) (noting that the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage . . . ."). Moreover, the Third Circuit has characterized Rule 403, the rule permitting exclusion of evidence, as a "trial-oriented rule" and has warned that "[p]recipitous

Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are . . . unfair and improper." *In re Paoli R. Yard PCB Litig.*, 916 F.2d at 859. However, it is also well-settled that "[a] trial court is afforded substantial discretion when striking a . . . balance with respect to proffered evidence, and a trial judge's decision to admit or exclude evidence . . . may not be reversed unless it is arbitrary and irrational." *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009).

Legally, there are several different bases for motions *in limine*. First, such motions are filed when it is alleged that evidence is going to be offered which is improper under the Federal Rules of Evidence. In considering motions *in limine* which call upon the Court to engage in preliminary evidentiary rulings under Rule 403 of the Federal Rules of Evidence, we begin by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion ... Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.' " *Abrams v. Lightolier Inc.* 50 F.3d 1204, 1213 (3d Cir.1995) (citations omitted); *see Bernardsville Bd. of Educ. v. J.H.,* 42 F.3d 149, 161 (3d Cir.1994) (reviewing *in limine* rulings for abuse of discretion). Yet, while these decisions regarding the exclusion of evidence rest in the sound

discretion of the district court, and will not be disturbed absent an abuse of that discretion, the exercise of that discretion is guided by certain basic principles.

One of these key guiding principles is reflected in the philosophy which shapes the rules of evidence. The Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth. The inclusionary quality of the rules is embodied in three cardinal concepts. The first of these concepts is Rule 401's definition of relevant evidence. Rule 401 defines what is relevant in an expansive fashion, stating:

> "Relevant evidence" means evidence having any tendency to
> make the existence of any fact that is of consequence to the
> determination of the action more probable or less probable than
> it would be without the evidence.
> Fed. R. Evid. 401.

Adopting this view of relevance it has been held that: "Under [Rule] 401, evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' [Therefore] 'It follows that evidence is irrelevant only when it has no tendency to prove the fact. Thus the rule, while giving judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant.' " *Frank v. County of Hudson,* 924 F.

Supp. 620, 626 (D.N.J.1996) *citing Spain v. Gallegos,* 26 F.3d 439, 452 (3d Cir.1994) (quotations omitted).

This quality of inclusion embraced by the Federal Rules of Evidence is further buttressed by Rule 402, which generally defines the admissibility of relevant evidence in sweeping terms, providing that:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.
> Fed. R. Evid. 402.

Thus, Rule 402 expressly provides that all "[r]elevant evidence will be admissible unless the rules of evidence provide to the contrary." *United States v. Sriyuth,* 98 F.3d 739, 745 (3d Cir.1996) (citations omitted). These principles favoring inclusion of evidence are, however, subject to some reasonable limitations.

For example, Rule 403 provides grounds for exclusion of some potentially irrelevant but highly prejudicial evidence, stating that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
> Fed. R. Evid. 403 .

6

By permitting the exclusion of relevant evidence only when its probative value is "substantially outweighed" by other prejudicial factors, Rule 403 underscores the principle that, while evidentiary rulings rest in the sound discretion of the court, that discretion should consistently be exercised in a fashion which favors the admission of relevant proof unless the relevance of that proof is substantially outweighed by some other factors which caution against admission.

Rule 610 of the Federal Rules of Evidence then describes one of those narrow categories of evidence which is deemed to be too attenuated, potentially prejudicial, lacking in relevance, or fraught with risks of juror confusion to permit at trial. That rule notes that: "Evidence of a witness's religious beliefs or opinions is not admissible to attack or support the witness's credibility." Fed. R. Evid. 610. On this score it is well-settled that " '[t]he purpose of the rule is to guard against the prejudice which may result from disclosure of a witness's faith.' *United States v. Sampol,* 636 F.2d 621, 666 (D.C.Cir.1980); *see Contemporary Mission, Inc. v. Bonded Mailings, Inc.,* 671 F.2d 81, 84 (2 Cir.1982) (inquiry into genuineness of witness's church affiliation properly excluded by trial court because of potential prejudicial effect)." *United States v. Kalaydjian,* 784 F.2d 53, 56 (2d Cir. 1986). Likewise Rule 610 "clearly prohibits such testimony when it is used to enhance the witness' credibility." *Gov't of Virgin Islands v. Petersen*, 553 F.2d 324, 328 (3d

7

Cir. 1977). Thus, as a general matter under Rule 610 affirmations of faith may not be used to either impeach or vouch for the credibility of a witness. *Id*.

Guided by these legal benchmarks, we will grant this motion *in limine*, in part, as follows. Recognizing as a general matter that "[e]vidence of a witness's religious beliefs or opinions is not admissible to attack or support the witness's credibility," Fed. R. Evid. 610, we will preclude counsel and witnesses from referring to or eliciting testimony regarding the faith or clerical status of any witness or party without the court's prior express approval. If counsel believe that inquiry on any matter of faith or clerical status is appropriate, counsel shall notify the court outside the presence of the jury prior to eliciting any testimony on this score and should be prepared to provide a detailed offer of proof explaining why specific evidence or testimony does not transgress the prohibition established by Rule 610. We provide this guidance to all parties because we recognize that the defense has responded to this motion *in limine* by generally agreeing that it will refrain from eliciting evidence of Mr. Candland's clergy status, but has suggested that certain types of cross examination may make limited testimony on matters of faith relevant and admissible. Given the categorical language of Rule 610, any party that believes that it may be entitled to foray into matters of faith shall follow the procedures outlined in this order prior to engaging in any such inquiry before the jury.

An appropriate order follows.

### III. Order

For the foregoing reasons, IT IS ORDERED that the plaintiff's motion *in limine*, (Doc. 59), is GRANTED in part as follows: All counsel and witnesses are prohibited from referring to or eliciting testimony regarding the faith or clerical status of any witness or party without the court's prior express approval. If counsel believe that inquiry on any matter of faith or clerical status is appropriate, counsel shall notify the court outside the presence of the jury prior to eliciting any testimony on this score and should be prepared to provide a detailed offer of proof explaining why specific evidence or testimony does not transgress the prohibition established by Rule 610.

So ordered this 1st day of September, 2017.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge