IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL T. KEISER,** | : | **Civil No. 1:15-CV-450** |
| | : | |
| **Plaintiff** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **v.** | : | |
| | : | |
| **THE BOROUGH OF CARLISLE,** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM OPINION AND ORDER**

## I. Factual and Procedural Background

This is a workplace age discrimination lawsuit brought by the plaintiff against a local municipality under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 ("ADEA"). The plaintiff in this action, Michael Keiser, worked for 27 years as the Director of Public Works for the Borough of Carlisle before he was fired on May 1, 2014, just hours after formally complaining to his supervisor about what he perceived as his supervisor's repeated ageist and discriminatory comments and criticism. Keiser alleges that his firing constituted unlawful age discrimination and was retaliatory.

The Borough, and Keiser's supervisor, Mathew H. Candland, Sr., maintain that Candland was compelled to terminate Keiser's employment because it had become impossible to work cooperatively with Keiser; because of fundamental

disagreements over significant public-works projects; and because morale had reached an unacceptable low within Keiser's department. Keiser retorts that these given reasons were pretextual cover for his unlawful firing.

With respect to these competing claims and defenses, we have previously concluded that this case is riddled with factual disputes that make summary judgment inappropriate. Accordingly, we have scheduled this case for trial in October 2017 and in anticipation of that trial the parties have filed an array of motions *in limine*, including a motion *in limine* filed by the plaintiff which seeks to exclude evidence of criminal complaints or charges filed against Keiser prior to his discharge. (Doc. 61.) The parties have fully briefed this motion *in limine*, (Docs. 62 and 95.), and this motion is, therefore, ripe for resolution.

These briefs reveal the following factual background relating to this evidentiary issue: In April of 2014, shortly before his employment with Carlisle Borough was terminated Keiser was involved in a dispute with a neighbor. The dispute involved Keiser's use of weed killer on his property, weed killer that was alleged to have blown onto a neighbor's land. When that neighbor complained to Keiser she alleged that Keiser sprayed additional weed killer in her direction. The neighbor summoned police who cited Keiser for harassment and disorderly conduct and admonished him to stop. These citations were reported in the local

newspaper on April 16, 2014, when this incident took place. These citations were subsequently dismissed in July of 2014.

Three days prior to Keiser's termination, on April 28, 2014, the Carlisle Borough Council held an executive session meeting. Given the public attention which this police citation had received, the citation and Keiser's future employment status were discussed at this meeting. Recollections of this meeting differ in ways that define disputed issues of fact for trial. Some participants recall Keiser's supervisor, Matthew Candland, categorically informing borough council members that Keiser's employment was not in jeopardy. It appears that the plaintiff wishes to present evidence from these witnesses describing what they understood to be Candland's categorical statements on April 28, 2014, that Keiser's job was not in jeopardy in order to bolster their claim that the termination of Keiser's employment three days later after he complained of age discrimination in the workplace was retaliatory.

In contrast, Candland and other witnesses allege that Candland's statements at this April 28 meeting were much more guarded and limited, and pertained exclusively to the question of whether Keiser's dispute with his neighbor and the harassment citation standing alone provided grounds for his dismissal. In fact, Candland has indicated that he endeavored to limit his statements to this criminal citation out of a concern that any broader discussion of Keiser's workplace job

performance issues would be reported to Keiser if they were disclosed by Candland at this executive session meeting. With the recollection of witnesses sharply divided on this issue, Keiser now moves *in limine* to preclude any reference to this criminal citation whatsoever, a ruling which would allow the plaintiff to present testimony from those witnesses who recalled Candland's denial of any plan to terminate Keiser in categorical terms, but would hobble Candland and other witnesses in any effort to explain the more qualified nature of Candland's intended statements at this borough council meeting.

For the reasons set forth below, this motion *in limine* will be GRANTED in part, in that we will instruct the parties to refrain from a discussion of Keiser's criminal charges, without the prior approval of the court. However, if the plaintiff wishes to offer evidence relating to this executive session which seeks to present Mr. Candland's remarks about Keiser's future employment in categorical terms, we will permit Candland and other witnesses to explain that these statements related solely to news reports that police had been summoned to address a dispute between Keiser and a neighbor, and Candland simply meant to indicate that this incident, by itself, would not provide grounds for firing Keiser. We will also instruct the parties to endeavor to reach a stipulation regarding this issue, while reserving the right to make a trial ruling relating to the appropriate scope of this testimony.

## II. **Discussion**

The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) (the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence. *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988). Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted).

However, courts exercise great caution before indulging in pre-trial rulings excluding evidence. Parties frequently invite courts to make pre-trial rulings on issues of prejudice, relevance and admissibility through motions *in limine*. The United States Court of Appeals for the Third Circuit has cautioned us, however, that "pretrial [rulings regarding evidentiary] exclusions should rarely be granted. . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by

admitting it at that stage." *In re Paoli R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990); *see also Spain v. Gallegos*, 26 F.3d 439, 453 (3d Cir. 1994) (noting that the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage . . . ."). Moreover, the Third Circuit has characterized Rule 403, the rule permitting exclusion of evidence, as a "trial-oriented rule" and has warned that "[p]recipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are . . . unfair and improper." *In re Paoli R. Yard PCB Litig.*, 916 F.2d at 859. However, it is also well-settled that "[a] trial court is afforded substantial discretion when striking a . . . balance with respect to proffered evidence, and a trial judge's decision to admit or exclude evidence . . . may not be reversed unless it is arbitrary and irrational." *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009).

Legally, there are several different bases for motions *in limine*. First, such motions are filed when it is alleged that evidence is going to be offered which is improper under the Federal Rules of Evidence. In considering motions *in limine* which call upon the Court to engage in preliminary evidentiary rulings under Rule 403 of the Federal Rules of Evidence, we begin by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are, therefore, reviewed only for abuse of discretion ... Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be

disturbed unless it is 'arbitrary and irrational.' " *Abrams v. Lightolier Inc.* 50 F.3d 1204, 1213 (3d Cir.1995) (citations omitted); *see Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir.1994) (reviewing *in limine* rulings for abuse of discretion). Yet, while these decisions regarding the exclusion of evidence rest in the sound discretion of the district court, and will not be disturbed absent an abuse of that discretion, the exercise of that discretion is guided by certain basic principles.

One of these key guiding principles is reflected in the philosophy which shapes the rules of evidence. The Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth. The inclusionary quality of the rules is embodied in three cardinal concepts. The first of these concepts is Rule 401's definition of relevant evidence. Rule 401 defines what is relevant in an expansive fashion, stating:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
>
> Fed. R. Evid. 401.

Adopting this view of relevance it has been held that: "Under [Rule] 401, evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable

than it would be without the evidence.' [Therefore] 'It follows that evidence is irrelevant only when it has no tendency to prove the fact. Thus the rule, while giving judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant.' " *Frank v. County of Hudson,* 924 F. Supp. 620, 626 (D.N.J.1996) *citing Spain v. Gallegos,* 26 F.3d 439, 452 (3d Cir.1994) (quotations omitted).

This quality of inclusion embraced by the Federal Rules of Evidence is further buttressed by Rule 402, which generally defines the admissibility of relevant evidence in sweeping terms, providing that:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.
> Fed. R. Evid. 402.

Thus, Rule 402 expressly provides that all "[r]elevant evidence will be admissible unless the rules of evidence provide to the contrary." *United States v. Sriyuth,* 98 F.3d 739, 745 (3d Cir.1996) (citations omitted). These principles favoring inclusion of evidence are, however, subject to some reasonable limitations.

For example, Rule 403 provides grounds for exclusion of some potentially irrelevant but highly prejudicial evidence, stating that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair

> prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403 .

By permitting the exclusion of relevant evidence only when its probative value is "substantially outweighed" by other prejudicial factors, Rule 403 underscores the principle that, while evidentiary rulings rest in the sound discretion of the court, that discretion should consistently be exercised in a fashion which favors the admission of relevant proof unless the relevance of that proof is substantially outweighed by some other factors which caution against admission.

One category of evidence which courts recognize is fraught with the potential for prejudice and issue confusion relates to the presentation of evidence concerning criminal charges which do not result in a conviction. On this score, it has recently been observed that:

> The Third Circuit has held that:
>
> evidence of an acquittal from a criminal proceeding is inadmissible in a civil proceeding unless used in "limited occasions when otherwise inadmissible testimony may be admitted as rebuttal." *Am. Home Assurance Co. v. Sunshine Supermarket, Inc.*, 753 F.2d 321, 325 (3d Cir. 1985) (holding evidence of an acquittal in a criminal arson case inadmissible in a civil arson case). It has been explained elsewhere:
>
>> The rationale for excluding such a dismissal or acquittal from evidence in a civil trial is obvious. While a conviction can be considered a judicial determination of guilt, a dismissal, acquittal, or failure to prosecute may simply reflect an inability to meet the requisite burden of

> proof. The danger that a jury will accept a non-conviction as determinative outweighs any probative value that such evidence may hold.

> *Cunningham v. Wash. Gas Light Co.*, 1988 WL 90400, *1 (D.D.C. 1988).
>
> *Bounds v. Taylor*, 77 Fed.Appx. 99, 107 (3d Cir. 2003). *See also*, *Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 147 (3d Cir. 2002) ("[E]vidence of non-arrest, like evidence of nonprosecution or acquittal of a crime, is generally inadmissible in a civil trial concerning the same incident.").
>
> *Burdyn v. Borough*, No. 3:12-CV-2236, 2017 WL 394335, at *3 (M.D. Pa. Jan. 26, 2017).

Mindful of these concerns, we believe that eliciting specific testimony relating to the harassment and disorderly conduct charges filed against Keiser as a result of a neighborhood dispute, charges which were later dismissed, would be unduly prejudicial and could lead to juror confusion and speculation on collateral matters. Therefore, we will instruct all parties to refrain from eliciting testimony regarding these specific criminal charges without the court's prior express approval. However, we also recognize an inherent unfairness if Keiser is permitted to present testimony from witnesses describing Candland's statements at this borough council meeting as a categorical assertion that Keiser's job was not in jeopardy without allowing Candland and other witnesses to explain that they were simply responding to specific new media reports that police had been required to

intervene in a dispute between Keiser and a neighbor and were merely attempting to state that this incident, standing alone, would not provide a basis for terminating Keiser's employment. In our view permitting the defense some limited leeway to explain the factual context of these statements is necessary to allow the defendant to respond to the suggestion that Candland had categorically denied any intention to discharge Keiser just three days prior to the termination of his employment.

We believe, however, that this goal can be accomplished without reference to the filing of specific charges through more limited testimony that Candland was responding to questions raised by April 16, 2014, press reports which indicated that police had been summoned to a dispute between Keiser and a neighbor, without foraying into the question of whether criminal charges were filed, and what the disposition of those charges might have been. Towards this end, we will instruct the parties to endeavor to reach a stipulation regarding this issue, while reserving the right to make a trial ruling relating to the appropriate scope of this testimony in the absence of a stipulation by the parties.

An appropriate order follows.

## III. <u>Order</u>

For the foregoing reasons, IT IS ORDERED that the plaintiff's motion *in limine*, (Doc. 61.), is GRANTED in part as follows: All counsel and witnesses are prohibited from referring to or eliciting specific testimony relating to the

harassment and disorderly conduct charges filed against Keiser as a result of a neighborhood dispute, charges which were later dismissed. However, if Keiser presents testimony from witnesses describing Candland's statements at this borough council meeting as a categorical assertion that Keiser's job was not in jeopardy, then Candland and other witnesses may explain that they were simply attempting to respond to specific news media reports that police had been required to intervene in a dispute between Keiser and a neighbor and were merely attempting to state that this incident by itself would not provide a basis for terminating Keiser's employment. IT IS FURTHER ORDERED that the parties are to endeavor to reach a stipulation regarding this issue, while we reserve the right to make a trial ruling relating to the appropriate scope of this testimony in the absence of a stipulation.

So ordered this 11th day of September 2017.

***/s/ Martin C. Carlson***
Martin C. Carlson
United States Magistrate Judge